JONES<br>v.<br>PETERMAN<br>and another.

Judgment for the plaintiff.

---

MIDDLETON *against* SUMMERS.

*Philadelphia.*

## CASE STATED.

*Monday,*<br>December 29.

The opinion of the Court was delivered by

TILGHMAN C. J. This is a question of sheriff's fees. A levy, by virtue of a *fieri facias,* was made on land, after which an inquisition was held, and the land condemned. A *venditioni exponas* was then issued, which was countermanded by the plaintiff's attorney, who received the debt and costs of the defendant. The sheriff charges the same commission, as if the land had been sold. Whether this charge be right, is the first question submitted to the Court. By the " act establishing a fee bill," (26th *March*, 1814,) sect. 12, the sheriff is entitled to fees as follows :—" Levying on lands " or goods, and selling the same, or delivering lands to credi- " tors, for each dollar not exceeding 300 dollars, 3 cents ; " every dollar above 300 dollars, 2 cents, *and the same com-* " *mission shall be allowed where the money is paid after levy,* " *without sale, but no commission shall be taken on more than* " *the real debt.*" By this act, then, it is clear, that the sheriff is entitled to his full commission, though the land is not ing the inquisition, and making return thereof; but he is not entitled to $ 1 50 more, for making the levy ; nor to $ 1 20 for notifying the defendant of the time and place of the inquisition.

Where a levy on land is made by virtue of a *fieri facias,* after which an inquisition is held, and the land condemned, and a *venditioni* is issued, but countermanded by the plaintiff, who receives the debt and costs of the defendant, the sheriff is entitled to the same commissions as if the land had been sold. The sheriff is entitled to the fee of three dollars for summoning the jury, tak-

1817.

Middleton
v.
Summers.

sold. But the defendant supposes the law to be altered by the supplement to the fee bill, passed 18th *March*, 1816. By this supplement it is enacted, that where the sheriff, " upon " any execution to him delivered to be executed, shall not " sell either real or personal estate for, or recover and re- " ceive the *whole* amount of the debt and *interest* mentioned " in any such execution, he shall be allowed to receive, take, " or retain commission or poundage, on the amount of the " sum by him actually recovered, or received, and no more ; " any construction heretofore given to the act to which this " is a supplement, to the contrary notwithstanding." I do not consider this supplement as altering the original act, but as restoring it to its true construction. I understand, it had been decided in one of the county Courts, that the sheriff was entitled to a commission on the *whole* amount of debt and costs, although the property sold for *less*. It was to rectify this misconstruction, that the supplement was made. But, in the case before us, the plaintiff has recovered the whole amount of debt and costs, so that the supplement does not affect it. I am, therefore, of opinion, that the charge is right.

Another question is, whether the sheriff be entitled to more than three dollars, for summoning the jury, and holding an inquisition, under the act of *March*, 1814. The sheriff is entitled to a fee of three dollars, for summoning the jury of inquiry, taking the inquisition and making return thereof; he claims, besides, $ 1 50, for making the *levy*, and $ 1 20, for serving a *notice* of the time and place of taking the inquisition, on the defendant. To the fee for making the levy he is not entitled, because he gets full compensation by his commission on the amount of the debt. The fee of $ 1 50, is allowed him, "*for executing the fieri* " *facias, where the money is paid without levy or sale.*" Such are the words of the law, and we must abide by them. Neither is the sheriff entitled to any fee, for serving *notice* on the defendant. The law gives no fee in such case, and it is not in the power of the Court to allow it. The 26th sect. expressly declares, that no fee, under the denomination of *compensatory fees*, shall be allowed, for any services not specified in that, or some other act of assembly.

Each juror is allowed 50 cents, on every inquisition on real estate. It has been the custom for the sheriff to receive this, and settle with the jury. This is very convenient, and

I know of no objection to it.  But it is to be understood, that the sheriff receives it, not as his own fee, but as the fee of the jurors, to whom he is accountable.